NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLANTA CANCER CARE, P.C., | No. 08-55817 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00616-R-JTL |
| v. | |
| AMGEN, INC., | MEMORANDUM * |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 6, 2009
Pasadena, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and TRAGER,** District
Judge.

Atlanta Cancer Care appeals the district court's order dismissing its case

with prejudice for failure to state a claim. We have jurisdiction pursuant to 28

U.S.C. § 1291. We reverse and remand.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable David G. Trager, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

When interpreting a contract, the "whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. The Rebate Agreements attached to Atlanta Cancer Care's complaint refer to and incorporate the "Group Purchasing Agreement," which is said to contain certain definitions as well as the "complete and actual terms and conditions" regarding the calculation of rebates under the parties' agreements. This Group Purchasing Agreement was not attached to Atlanta Cancer Care's complaint and it was not provided by Amgen when moving to dismiss this case. Without the Group Purchasing Agreement, the contract attached to the complaint is incomplete, thus prohibiting a reasoned and informed interpretation of their bargain.

Additionally, in opposition to Amgen's motion to dismiss, Atlanta Cancer argued that the contract at issue was ambiguous. The district court disagreed, finding the terms of the contract clear. Under California law, "courts may not dismiss on the pleadings when one party claims that extrinsic evidence renders the contract ambiguous." A. Kemp Fisheries, Inc. v. Castle & Cooke, Inc., 852 F.2d 493, 496 n.2 (9th Cir.1988). "Indeed, it is reversible error for a trial court to refuse

2

to consider such extrinsic evidence on the basis of the trial court's own conclusion that the language of the contract appears to be clear and unambiguous on its face." Wolf v. Superior Court, 8 Cal. Rptr. 3d 649, 655 (Cal. Ct. App. 2004). Atlanta Cancer must be allowed the opportunity to present extrinsic evidence in support of its argument that the contract is ambiguous.

On remand, the court must consider the entire contract, including the provisions of the Group Purchasing Agreement. The district court is directed to allow such discovery, summary judgment practice, and trial as may be necessary to elucidate what all the contract terms are, what they mean if there is ambiguity, and whether they were breached.

**REVERSED and REMANDED**.